SAFFOLD BERNEY AND OTHERS, RESPONDENTS, *v.* ANTHONY J. DREXEL AND OTHERS, APPELLANTS.

*Pleadings — action for the conversion of personal property — what allegation of the ownership of the property by the plaintiffs is sufficient — what is a sufficient allegation of a conversion thereof by the defendants.*

The complaint in this action alleged that one Berney died, domiciled and residing in France, leaving the plaintiff, Louise Berney, his widow, and the other plaintiffs, his nephews and nieces; that he left a last will and testament; that "under and by virtue of the laws of France, where the testator had his domicile, the title to all the personal property of which said testator was possessed at the time of his decease, vested immediately thereafter in the plaintiffs, other than the widow, * * * the residuary legatees named in said will, their title being subject, however, to the payment of the particular legacies by said will bequeathed and of the annuities therein given:"

*Held,* that this was a sufficient allegation of ownership to entitle the plaintiffs to maintain an action to recover for the conversion of a portion of the personal property of which the testator was seized at the time of his death.

The complaint further alleged that one James Berney had fraudulently obtained possession of certain bonds, the property in question, by virtue of letters testamentary, procured in the court of another State having no jurisdiction in the matter, and had sold and transferred the property to the defendants; that by the will and codicil, and the several powers of attorney, copies of which were annexed to the complaint, the defendants had legal notice of the limitations on the power of sale and of the illegal and invalid character of the title to the said bonds so assigned to them; and further, that the defendants had converted the said bonds to their own use.

*Held,* that there was a sufficient allegation of a wrongful conversion of the bonds by the defendants.

APPEAL from a judgment, entered on an order overruling a demurrer to the complaint.

*Tracy, Olmsted & Tracy,* for the appellants.

*Lord, Day & Lord,* for the respondents.

DAVIS, P. J. :

The questions presented by the demurrer depend wholly upon the sufficiency of certain allegations in the complaint. After setting forth the will and codicil of Robert Berney, which appears to have been made and published in England, while he was domiciled and residing in Paris, the complaint avers that the said Robert Berney

departed this life on the 19th of November, 1874, at Paris, and, in substance, that at the time of his death the domicile of the testator was at Paris, France, and that he left him surviving the plaintiff, Louise Berney, who is the widow of said Berney, and the several other plaintiffs, who are his sole surviving nephews and nieces, and who are all of the age of twenty-five years and upwards. The complaint then avers "that under and by virtue of the laws of France, where the testator had his domicile, the title to all the personal property of which said testator was possessed at the time of his decease, vested immediately thereafter in the plaintiffs, other than the widow * * * the residuary legatees named in said will, their title being subject, however, to the payment of the particular legacies by said will bequeathed and of the annuities therein given."

The first question presented is whether this averment is a sufficient allegation of ownership to entitle the plaintiffs to maintain an action to recover for the conversion of a portion of the personal property of which the testator was possessed at the time of his death. The Special Term held that it was sufficient upon demurrer, and we are of opinion that that conclusion is correct. It is necessary in an action to recover for conversion that the plaintiff should show by his complaint, title to the property alleged to be converted, or his right to the possession thereof. Either of these is sufficient to entitle him to maintain the action. In this case the averment is of title under and by virtue of the laws of France. This, it is alleged, is an allegation of a legal proposition or conclusion, and not of a fact. We are of opinion, however, that it is an allegation of fact, under which, at the trial of the issue, the plaintiffs would be at liberty to prove the laws of France, for the purpose of establishing the fact that the title to the personal property vested immediately upon the decease of the testator in them; and on that fact being so proved, the legal result would be that such title would, draw to it the right of possession and show full authority to maintain the action. The title would presumptively draw to it the right of possession, and show the right to maintain an action against an alleged wrong-doer.

The complaint proceeds, then, to allege facts showing that one James Berney had fraudulently obtained possession of the property

in question by virtue of letters testamentary, procured in the court of another State having no jurisdiction, and that having such fraudulent possession through his attorneys, has sold and transferred certain bonds the property to the defendants. Having thus carried the property into the possession of the defendants, the complaint alleges that, by the will and codicil and the several powers of attorney, copies of which are annexed to the complaint, the said defendants had legal notice of the limitations on the power of sale and of the illegal and invalid character of the title to said bonds assigned to them; and they further allege that the defendants have converted the said bonds to their own use. What force is to be given to the allegation of notice, in the form in which it is averred, it is not necessary to determine. That averment probably presents a question of law, inasmuch as it is substantially an allegation that the will and codicil and the several powers of attorney contained in themselves "legal notice of the illegality and invalidity of the title of the defendants' assignor to the said bonds assigned." The Special Term considered that the sufficiency of the allegation of conversion depended wholly upon the averment that "the defendants have converted the said bonds to their own use."

Assuming it to be a correct proposition that the allegations of the complaint are not sufficient to show that the bonds came into the possession of the defendants with any notice or knowledge of the want of title in their assignor, so that upon such allegations alone an action for the conversion could not be maintained without proof of a demand before bringing the action, nevertheless, if such allegations were followed with the sufficient averment of conversion to entitle the plaintiff to put in evidence facts showing an actual conversion, that would be sufficient upon demurrer to uphold the complaint. The allegation of conversion to their own use is one of fact. It will admit, upon a trial, of evidence that the defendants not only received the bonds under the assignment in the manner stated in the complaint, but that they subsequently disposed of them under such circumstances as will uphold the action against them, assuming the plaintiffs to have been the real owners of the bonds; or to admit proof of any other fact necessary to constitute a conversion. So that the plaintiffs would be entitled, under that allegation, if the bonds still remain in the hands of the defendants,

to prove a demand and refusal in order to charge them with a conversion if that proof becomes necessary. Where conversion is alleged as a fact, in general terms, that is sufficient to admit of any evidence on the trial of issue joined, that tends to establish such conversion; and the plaintiff is not bound to allege the particular act or acts which constitute conversion in an action of this character. We are of opinion, therefore, that the learned judge at Special Term correctly disposed of the question which arises upon this branch of the demurrrer. The question upon which we have the most doubt is as to whether the averment of the laws of France, under which the plaintiffs claim their title, should not have been more precise and formal; but we are inclined to think that the Special Term did not err in holding that, under that averment in the present form, the laws of France could be so proved as to support the allegation of title upon an issue of fact.

Pleadings are not now to be strictly construed against the pleader, and averments which sufficiently point out the nature of the pleader's claim are sufficient if, under them, upon a trial of the issues, he would be entitled to give all the necessary evidence to establish the claim.

We think, therefore, the judgment upon the demurrer should be affirmed, with leave, however, to answer over in the usual time, and on the usual terms as to costs.

DANIELS and HAIGHT, JJ., concurred.

Judgment affirmed, with leave to answer in twenty days after service of order on the usual terms.